UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SAMUEL DAVIS, )
)
         Petitioner, )
)
    vs. ) No. 2:16-cv-00427-WTL-MPB
)
FACILITY HEAD, )
)
         Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Samuel Davis filed this petition for writ of habeas corpus challenging his disciplinary conviction in WVE 16-06-0081 at Wabash Valley Correctional Facility. For the reasons explained in this Entry, Davis's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

Davis explained in his petition and related briefing that he had requested to be moved to a different cell. The reason for the request was that Davis's cellmate believed Davis had given him scabies when he started to itch. Davis's cellmate allegedly threatened to harm Davis and Davis feared for his life. When Davis's requests to be moved were not granted he packed up his belongings during recreation and refused to return to his cell. Apparently this tactic had worked for other inmates. Instead of being moved to a new cell, however, custody staff physically returned Davis to his cell and Davis was written up for resisting staff.

The disciplinary records reflect that on June 16, 2016, Sergeant K. Blackman wrote a Report of Conduct charging Davis with resisting staff. The Report of Conduct states:

> On 6/16/16 at approx. 850 pm I, Sgt. K. Blackman was called to GHU Right Wing for Offender Davis, Samuel #962441. Offender Davis was refusing to go to his cell at the end of recreation. I asked Davis why he didn't want to go to his cell, Davis stated, "Cause I don't want to." I placed Davis in mechanical restraints and along with C/O N. Dugger and C/O T. Goff escorted Davis toward cell #312. At this time, Davis became resistant towards staff, and attempted to pull away from me.
>
> Dugger, Goff, and I placed Davis back in his cell, and secured the door. Davis refused to submit his hands for the removal of mechanical restraints. At this time, cell #312 was opened, and Sgt. L. Myers, C/O Dugger, and myself secured Davis' hands. The door of 312 was secured again, and the mechanical restraints were removed without further incident.

Docket No. 15-1.

On June 21, 2016, Davis was notified of the charge of resisting staff and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report." Davis was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He requested seven witnesses, Officer Eaton and Offenders Williams, Thomas, Knighten, Green, Foster, and Zaphiriou. He also requested video surveillance of the situation as physical evidence.

The hearing officer conducted a disciplinary hearing ion July 1, 2016, and found Davis guilty of the charge of resisting staff. In making this determination, the hearing officer considered the offender's statements, staff reports, evidence from witnesses, and video evidence. The hearing officer recommended and approved the following sanctions: a written reprimand, one month loss of phone privileges, and a 45 day deprivation of earned credit time.

Davis appealed to the Facility Head and the Appeal Review Officer. Davis's appeals were denied.

### C. Request for Enlargement of the Record

Davis seeks enlargement of the record to permit him to collect and submit additional evidence. Rule 6(a) of the *Rules Governing § 2254 Cases*, 28 U.S.C. § 2254, allows habeas corpus petitioners to conduct civil discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *See Bracy v. Bramley,* 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course"). In order to be entitled to discovery, a petitioner must make specific factual allegations that demonstrate that there is good reason to believe that the petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief. *See id.* at 908-09.

Davis filed three motions all asking that additional evidence be considered prior to ruling on the merits of his petition for a writ of habeas corpus. *See* Dkt. Nos. 22, 23 and 25.

First, Davis requests that this Court review a video that was recorded a Wabash Valley Correctional Facility on June 16, 2016, between 8:45 p.m. and 9:00 p.m. Davis states that this video will show that he did not try to flee or resist. This video was submitted for *ex parte* review

and has been reviewed. The video reflects that Davis failed to return to his cell when everyone else did. At time marker 8:47 no less than 6 officers entered the unit to return Davis to his cell. He is cuffed. As he is led to his open cell door he lunges to the side in an effort to resist the officer's physical command to return to his cell. The custodian's video summary is consistent with this Court's observations. *See* dkt. 15-3 (video summary). Accordingly, Davis's motions, Dkt. No. 22 and 23, requesting review of this video are **denied as moot.**

Next, Davis requests additional video for the morning of May 4, 2017, between 9:00 a.m. and 10:30 a.m. This request, Dkt. No. 22, is **denied.** Davis states that this video will show another offender, Charles Chapman, packing and carrying his property downstairs and then refusing to lock down. Offender Chapman was then moved to another cell in P-House. Apparently, Davis wants his situation compared with that of Offender Chapman. This request is denied because it is irrelevant to Davis's conviction. Due process does not require that all inmates be treated the same. Even if Offender Chapman was not sanctioned for the same or similar conduct for which Davis was convicted this does not implicate Davis's due process rights.

Finally, Davis asks that this Court consider a medical record. The record allegedly reflects that Davis has pruritus with an onset date of May 11, 2016. Davis argues that this evidence is relevant because it shows that Wabash Valley Correctional Facility staff knew he had pruritus/scabies and did nothing about it. Davis claims that if he and his cellmate had been treated, that Davis would not have needed to be moved and he would not have faced his disciplinary charge of fleeing and resisting. This motion, Dkt. No. 25, is **denied** because the record is not relevant.

**D. Analysis**

Davis alleges that he is entitled to relief because he requested and was denied video evidence and witness statements from Officers Roessler, Sgt. Boakley, and Officer Pertle without an explanation and in violation of Department of Correction ("DOC") policies.

*1. Justification Defense*

As a preliminary matter, Davis's briefing suggests that he is asserting an underlying defense that should be addressed before considering Davis's due process challenges--namely, whether Davis has the substantive right to assert a justification defense in his prison disciplinary proceedings. He does not. In *Rowe v. DeBruyn*, 17 F.3d 1047 (7th Cir. 1994), the Seventh Circuit held that inmates do not have the substantive right to raise self-defense as a complete defense in prison disciplinary proceedings. 17 F.3d at 1052. Davis's arguments suggest that he believes that if he acted reasonably and was justified in seeking to be moved to another cell that he cannot be found guilty of violating prisoner rules. He is mistaken. *See e.g., Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th Cir. 2007) (holding that justification defenses based on state law do not create a substantive right). A prisoner can be found guilty of violating prison rules even if the conduct was reasonable under the circumstances.

*2. Violation of DOC policies*

Similarly, Davis claims that DOC policies were violated. Unfortunately for Davis, however, he cannot challenge DOC policy or violations of state law in a habeas petition. DOC policies and procedures are created under the authority of state law. Accordingly, such policies and procedures are equivalent to state law. Violations of state law do not entitle prisoners to habeas

corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus no relief is warranted on this basis.

### 3. Denial of Evidence

At the heart of Davis's challenge to his disciplinary conviction is his claim that he was denied the evidence he requested. In particular, Davis argues that he requested a more comprehensive video surveillance review, one starting at 6 p.m., which is nearly three hours before the incident when Davis resisted staff. Second, Davis claims that he "asked screening officer to take statements from Ofc. Roessler, Sgt. Coakley, and Ofc. Pertle [] but she said no, regarding this issue and a 5/27/16 incident. . . . Afterward I spoke to Ofc. Roessler he said he would give facility head statement if requested." Dkt. 2 at p. 4.

The respondent argues that the requested evidence was presented at Davis's hearing, and, to the extent that it was not, Davis has not asserted how the requested evidence would be exculpatory. In addition, the video evidence and the testimony of multiple correctional officers show that Davis committed the act of resisting staff.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). When prison

6

administrators believe a valid justification exists to withhold evidence, "'due process requires that the district court conduct an in camera review' to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown*, 381 Fed. Appx. 494, 497 (7th Cir. 2017) (quoting *Piggie*, 344 F.3d at 679).

Davis states that looking at video from earlier in the day would show that other inmates were intimidating him. This does not undermine the video evidence that shows Davis physically resisting staff when they are attempting to return him to his cell. As discussed above, Davis is not entitled to a justification defense.

The right to call witnesses is not absolute, *see Wolff*, 418 U.S. at 566; *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002) (*per curiam*), and due process does not demand that prison officials allow inmates to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary, *Pannell*, 306 F.3d at 503. Here there is no reason to believe that the witnesses Davis requested (Officers Roessler, Sgt. Boakley and Officer Pertle) could have provided exculpatory evidence. The witness statements from four correctional officers that were involved and at least one other inmate show that Davis resisted the officers. Davis has not demonstrated that the testimony or statements from any of his proposed witnesses would have had any probative value at the hearing. Accordingly, Davis was not prejudiced by the failure to call additional witnesses. *See Portee v. Knight*, 81 F. App'x 863, 865 (7th Cir. 2003). "[P]rison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings." *Scruggs v. Jordan*, 485 F.3d 934, 939–40 (7th Cir. 2007).

*4. Sufficiency of the Evidence*

Inasmuch as Davis's petition can be construed as a challenge to the sufficiency of the evidence, there is ample evidence to show that Davis resisted staff. Specifically, the report of conduct alone may provide "some evidence" of guilt. The video evidence showing Davis physically resisting staff members who were trying to return him to his cell after he had refused to do so is also "some evidence." The reporting officer as well as three other correctional officers involved in the incident also testified that Davis resisted staff. Even testimony from another inmate does not conflict with the conviction. Offender James Green stated that he "witnessed officers forcefully put Davis back into his cell after he refused to lock down due to not getting along with his cellie." Dkt. No. 15-3 at 7.[1]

In total, there is sufficient evidence to sustain Davis's disciplinary conviction for resisting staff.

**E. Conclusion**

There was no constitutional infirmity in the proceeding which entitles Davis to the relief he seeks. Accordingly, Davis's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/27/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[1] Offender Zaphirion stated that he witnessed the officers forcefully put Davis back in his cell after he told them he was having trouble with his cell mate. "Then they walked away laughing like it was funny." Dkt. No. 15-3 at 8. Offender Curtis Foster refused to make a statement.

Distribution:

SAMUEL DAVIS
962441
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

All Electronically Registered Counsel